IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BURNELL WATSON,** | : | **CIVIL ACTION** |
| [FN-6628]     Petitioner | : | |
| | : | |
| V. | : | |
| | : | |
| **MARTIN L. DRAGOVICH, et al.,** | : | **NO. 06-CV-0020** |
|         Respondents | : | |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                                    March 8, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner was incarcerated at State Correctional Institution ["SCI"] Chester, Pennsylvania, where he was serving a three to six year sentence and a concurrent two and a half to five year sentence for two counts of violating the Uniform Firearms Act. Petitioner was released on parole in October, 2006.

**BACKGROUND**

On March 18, 2003, Burnell Watson, Petitioner, was arrested and charged with possession of an unlicensed firearm (18 Pa. C.S.A. §6106) and possession of a firearm by a convicted felon (18 Pa. C.S.A. §6105). *State Court Record*: Superior Court Opinion dated October 18, 2006 at p.2. On August 15, 2003, Mr. Watson pled guilty to those charges.[1] He reviewed and signed a written guilty plea colloquy, and confirmed, under oath, that he understood what the guilty plea meant and he was pleading guilty because

---

[1] In exchange for Petitioner's guilty plea, the Commonwealth agreed to drop several other charges arising from the same incident.

he was, in fact, guilty. *N.T.* August 15, 2003 at pp.4-7. Sentencing was scheduled for September 19, 2003. Before he could be sentenced, however, Petitioner filed a motion to withdraw his guilty plea. Mr. Watson then withdrew that motion on September 19, 2003, and the court granted his request for a continuance until October 17, 2003. At his sentencing hearing on October 17, 2003, Petitioner asserted that he was not guilty and repeatedly refused to acknowledge that he had voluntarily pled guilty. *N.T.* October 17, 2003 at pp.9-11. Mr. Watson alleges that he only pled guilty because his counsel represented to him that he would receive probation if he pled guilty and would receive an 18-year sentence if he didn't plead guilty. The trial court explained to Petitioner that his guilty plea had already been accepted and then sentenced him to three to six years imprisonment on the charge of possession of a firearm by a convicted felon, and a concurrent term of two and a half to five years imprisonment on the unlicensed firearm charge. *State Court Record*: Superior Court Opinion dated October 18, 2006 at p.2. The trial court also indicated that Mr. Watson could file a PCRA[2] petition for relief if he wanted to challenge his guilty plea by alleging that his attorney had given him constitutionally deficient advice.

      Mr. Watson filed an appeal to the Superior Court of Pennsylvania on October 27, 2003. *State Court Record*: Docket Entry D-2. Petitioner's appellate counsel was granted thirty-day extensions to file an opening brief on June 7, 2004 and July 7, 2004. *State Court Record*: Appeal Docket Sheet #3359 EDA 2003 at p.4. Petitioner failed to file a brief by August 6, 2004, and instead on September 1, 2004, filed a motion to remand the case to the trial court. Counsel requested the remand to allow the trial court to complete the appellate record because the transcript of the hearing on Petitioner's

---

[2] Post Conviction Relief Act, 42 Pa.C.S.A. §§9541-9546

motion for reconsideration of sentence was not included.  Petitioner also argued that the trial court had incorrectly calculated his offense gravity score under the Pennsylvania sentencing guidelines.[3]  The Superior Court granted the motion.  On December 1, 2004, the trial court supplemented the record with the transcript, but did not file an opinion regarding the sentencing issue, as directed by the Superior Court.

Mr. Watson then filed several *pro se* motions to alert the Superior Court that his appeal had stalled.  The Superior Court declined to consider these motions because, under *Commonwealth v. Ellis*, 626 A.2d 1137, 1139-41 (Pa. 1993) and *Martinez v. Court of Appeal*, 528 U.S. 152, 163-64 (2000), when an appellant is represented by counsel, *pro se* submissions are not permitted.

Petitioner signed and dated the instant application for habeas relief on January 3, 2006[4] and it was filed in this court on January 4, 2003.  *Habeas Petition*: Docket Entry #1.  In his petition, Mr. Watson raises his state-law sentencing claims involving the improperly calculated offense gravity score and ineffective assistance of counsel.  He also alleges that the appellate delay violated his right to a timely appeal and should excuse him from the need to exhaust his other remedies.  On February 1, 2006, the Court directed Respondents to respond within 20 days.[5]

Respondents filed their Response to Petitioner's Habeas Petition, arguing that Mr. Watson's petition should be denied because he failed to exhaust his available state

---

[3] Counsel argued that Petitioner's offense gravity score should have been a level five, not a level seven.
[4] Under the prison mailbox rule, I will accept January 3, 2006, as the date of filing.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).
[5] The Court later granted Respondents an additional 30 days.

remedies,[6] and the delay is insufficient in magnitude to justify dispensing with the exhaustion requirement.[7]

During this time, the Commonwealth filed a motion to the Superior Court to direct the trial court to file its opinion on the sentencing issue without further delay and requested an expedited appellate briefing schedule. The Superior Court granted the motion on March 17, 2006, directing the trial court to file its supplemental opinion within 30 days, ordering Petitioner to file his opening brief within 30 days of that opinion, and the Commonwealth to file its brief within 30 days after Petitioner.

The Superior Court issued its opinion on Mr. Watson's ineffective assistance of counsel claim on October 18, 2006. *State Court Record*: Order dated October 18, 2006. Following *Commonwealth v. Grant*, 572 Pa. 48, 813, A.2d 726 (2002), the Court explained that "claims challenging effective assistance of counsel generally should not be raised on direct appeal, but rather, are to be deferred for collateral review under the PCRA." The Court continued, citing *Commonwealth v. Obidos*, 849 A.2d 243, 248 (Pa. Super. 2004)(citations omitted), *appeal denied*, 580 Pa. 696, 860 A.2d 123 (2004), "We are permitted to review claims of ineffectiveness on direct appeal 'for which there is an evidentiary record developing the claims and a trial court opinion addressing those claims.'" The Pennsylvania Supreme Court determined, in *Commonwealth v. Davido*, 582 Pa. 52, 868 A.2d 431 (2005), that deferral is mandated even if there is a trial court opinion addressing the issue of ineffectiveness based on the trial court's conclusion that the

---

[6] 28 U.S.C. §2254
[7] Respondents also addressed the merits of Petitioner's arguments in their response.

existing record is sufficient to address the question. Unless there is an evidentiary hearing devoted to the question of ineffectiveness and an opinion, *Grant* applies. *Id.*

Applying this analysis, the Superior Court determined that the evidentiary record developing Mr. Watson's ineffective assistance of counsel claim was insufficient to address the question and was better suited for collateral review. The Court dismissed the claim without prejudice so that Mr. Watson could bring a timely PCRA petition.

## DISCUSSION

A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time seeking such review. *See* 28 U.S.C. §2244(d)(1).[8]

---

[8] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. 2244(d)(1)(A)-(D).

In the instant case, Mr. Watson's guilty plea was accepted on August 15, 2003, and his sentence was entered on October 17, 2003. Petitioner filed a direct appeal to the Pennsylvania Superior Court on December 24, 2003. The Superior Court dismissed his claim without prejudice on October 18, 2006. Mr. Watson then had thirty days to seek *allocatur* in the Pennsylvania Supreme Court, but declined to do so. *See* Pa.R.App.P. 1113(a)(petition for allowance of appeal shall be filed within thirty days from the entry of the order of the Superior Court sought to be reviewed). *See e.g., Harris v. Vaughn*, 129 Fed.Appx. 684, 685 (3d Cir. 2005)(where petitioner did not file an *allocatur* petition in the Pennsylvania Supreme Court, his judgment became final thirty days after the Superior Court affirmed his convictions).

Therefore, Mr. Watson's conviction became final on November 17, 2006 (thirty days from when the Superior Court dismissed his claim). Accordingly, Petitioner's habeas statute of limitations began on November 18, 2006, and absent any statutory or equitable tolling, would expire on November 17, 2007. Obviously, timeliness is not an issue herein.

B. Exhaustion

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in

enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court.[9] *Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002)(quoting *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992),

---

[9] At this point in time, the highest state tribunal is the Pennsylvania Superior Court. The Pennsylvania Supreme Court has ruled that seeking *allocatur* review is not part of the standard appeals process. On May 9, 2000, the Supreme Court of Pennsylvania adopted a new Rule #218 of Judicial Administration:

> … we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

The Honorable Franklin S. Van Antwerpen, in *Mattis v. Vaughn*, 129 F.Supp.2d 249, 260-61 (E.D.Pa. 2001), concluded that "principles of deference to Supreme Court dicta and of comity towards the state courts, which is the basis of the exhaustion doctrine, require us to respect the pronouncement of the Pennsylvania Supreme Court in Order No. 218." However, he further held that the order should not be applied retroactively. *Id.* at 261-62; *see also Blasi v. Atty. Gen. of Com. of Pennsylvania*, 120 F.Supp.2d 451 (M.D.Pa. 2000).

*cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts … and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

A failure to exhaust may be excused when there is an absence of corrective process available in the state courts.  *See* 28 U.S.C. §2254(b)(1)(B)(i).  The burden is on the habeas petitioner to prove all facts which entitle him to a discharge from custody, including the facts relevant to the exhaustion requirement.  *See Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987).  The standard is stringent.  Under the law in this Circuit, the necessary showing is that "there is no chance" that the Pennsylvania Courts will permit review of Petitioner's constitutional issues.  *See Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)("If a federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.")

Nonetheless, the Third Circuit has stated that "a state prisoner who has exhausted his habeas claims on direct appeal in the state system is not barred from seeking habeas relief simply because he is simultaneously pursuing relief in state collateral proceedings." *Moye v. Kyler*, 225 F.3d 649, 2000 U.S. App. LEXIS 16874, No. 98-1946 (3d Cir. June 13, 2000) at pp. 2-3.  The Circuit also noted that "practical considerations may continue to

suggest that it is appropriate to abstain from deciding [Petitioner's] petition on the merits, until the conclusion of the state collateral proceedings." *Id.*

In the instant case, Petitioner's claims are clearly unexhausted. Mr. Watson never raised his state-law sentencing claim[10] during the direct appeal process – he only raised the ineffective assistance of counsel claim. The Superior Court held that the trial court evidentiary record developing Mr. Watson's ineffective assistance of counsel claim was insufficient to address the question and was better suited for collateral review. The Court dismissed Petitioner's appeal without prejudice, holding that Mr. Watson's claim would be more appropriate as a PCRA petition. Mr. Watson did not appeal that decision to the Pennsylvania Supreme Court. Therefore, Mr. Watson's ineffective assistance of counsel claim was never decided on its merits, and he must seek PCRA relief in regards to both his sentencing claim and his ineffective assistance claim in order to exhaust his state remedies before this court could consider a habeas petition. Mr. Watson has one year from the date his conviction became final to file a PCRA petition.[11] 42 Pa. C.S.A. §9545(b)(1).

In his "Traverse to the Answer," Petitioner argues that a federal court considering a habeas petition does not need to "defer to the state judicial process when the state process would frustrate the use of an available remedy." (Docket Entry #8; citing *Lee v. Strickman*, 357 F.3d 338 (3d Cir. 2004); 28 U.S.C. §2254(b)(1)(ii)). "Inexcusable or inordinate delays by the State in processing claims for relief may render the state remedy

---

[10] Arguing that the trial court miscalculated his offense gravity score at a level seven, instead of a level five.
[11] Mr. Watson's conviction became final on November 17, 2006.

9

effectively unavailable." (citing *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). Mr. Watson's argument appears to be that because of an "appellate delay of two and a half years," this Court should excuse his failure to exhaust his available state remedies and decide his habeas petition on the merits. Petitioner blames the "prejudicial" delay, which has "compromised [his] appellant rights," on the failure of the trial court to complete the record and submit an opinion, effectively ignoring the Pennsylvania Superior Court order, and amounting to a "total disregard to the law."

In cases of truly inordinate and unjustified delay, the exhaustion requirement can be dispensed with on the theory that state remedies have proven to be effectively unavailable. *See* 28 U.S.C. §2254(b)(1)(B). Generally, the delay has to be quite lengthy for the court to even consider whether it reaches a degree of "inordinate." *See Lee*, 357 F.3d at 343-44 (exhaustion excused as futile when application for state post-conviction relief was pending in state court for eight years with no resolution); *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991)(exhaustion excused due to delay of nearly eleven years in adjudicating motion to withdraw guilty plea); *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002)(pendency of state post-conviction relief petition for 27 months not inordinate when state court proceedings were progressing, even if slowly).

However, the Court has deemed shorter periods of delay sufficiently inordinate under certain circumstances. Delays of almost three years or more, when no meaningful action towards resolution has been taken by the state court, have been held sufficient to excuse exhaustion. *Perry v. Vaughn*, No. 04-CV-0934, 2005 WL 736633 at *5 (E.D.Pa. 2005); *see also Moore v. Deputy Comm'rs of SCI-Huntington*, 946 F.2d 236, 242 (3d Cir.

10

1991)(excusing exhaustion because petition for post-conviction relief had been pending for three years and the Commonwealth conceded that, under the circumstances, further exhaustion of state remedies should not be required); *Wojtczak*, 800 F.2d at 356 (holding that a thirty-three month delay in deciding a post-conviction proceeding was sufficient to excuse exhaustion where the delay was not the fault of the petitioner, but attributable to a complete failure on the part of several court-appointed attorneys to provide minimally effective representation, and where the Commonwealth failed to meet its burden of demonstrating why the petitioner should be required to continue to wait for the Pennsylvania court system to process his petition). These shorter periods of time have been considered unacceptable by the courts where the petitioner was able to show "significant prejudice," "irreparable injury to the petitioner's rights," or where the delay has rendered his claim moot. *Perry*, 2005 WL 736633 at *5; *see also Spencer v. Kemna*, 523 U.S. 1 (1998)(holding that a prisoner's habeas petition challenging the revocation of parole was moot because the prisoner had completed the entire term of imprisonment prior to the district court's decision on the merits of his habeas claims and there was no evidence of collateral consequences after the end of his conviction).

      The existence of an inordinate delay, however, does not automatically excuse the exhaustion requirement, but shifts the burden to the state to demonstrate why exhaustion should still be required. *Lee*, 357 F.3d at 341.

      It is not entirely clear how long the delay in this case has been. In his Reply to Respondents Answer, filed on April 4, 2006, Petitioner argues that the delay is two years, seven months, which would suggest that he considers the delay to start at the time he filed

his notice of appeal (October, 2003). Clearly, this is an illogical starting point. The Respondents calculated the delay from December, 2004, when the trial court forwarded the pertinent hearing transcripts, but failed to file the supplemental opinion that the Superior Court ordered. In an attempt to give due consideration to each side's position and to the facts on the record, it seems that a more accurate description of when the delay began would be on April 26, 2004, when the trial court transmitted an incomplete record to the Superior Court.[12]

Regardless of this discrepancy in the calculation of the delay, this court cannot find cause to characterize the delay as "inordinate" and excuse Petitioner from exhausting his state remedies on the theory that such remedies have proven to be "effectively unavailable." Besides the fact that, based on relevant case holdings, the length of the delay is not of such magnitude to warrant serious consideration, Petitioner has failed to show precisely how this delay has caused him significant prejudice, irreparable injury to his rights, or that the delay has rendered his claim moot. In addition, the Superior Court issued its opinion on Mr. Watson's ineffective assistance of counsel claim on October 18, 2006, in which it dismissed his claim without prejudice, holding that his petition was better suited for collateral review. As of October 18, 2006, there is no further delay and Petitioner is free to consider his next option for post-conviction relief.

Mr. Watson cannot show that he has been unduly prejudiced by an inordinate delay, and he has one year from October 18, 2006 to file his PCRA petition. The AEDPA amendments include a tolling provision which excuses certain qualified periods of time

---

[12] The record did not include the reconsideration hearing transcript, or an opinion regarding the sentencing issue (the miscalculation of Mr. Watson's offense gravity score).

while the statute of limitations period runs.  *See* 28 U.S.C. §2244.  Statutory tolling includes "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *See* 28 U.S.C. §2244(d)(2).  A PCRA petition only tolls the statute of limitations if it is filed while the habeas statutory period is running, and only if it is properly filed.  *See* 28 U.S.C. §2244.

If Mr. Watson chooses to file a timely PCRA petition, that will toll the §2244 habeas statute of limitations for the period of time that PCRA relief is being sought.  Once he has exhausted his PCRA remedy, the habeas statute of limitations will continue to run from the date it was tolled, and with whatever time he has remaining of the one-year §2244 limitations period, he can make a new motion for habeas relief in this federal court.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that Mr. Watson's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT PREJUDICE to refile, if appropriate, after he exhausts his state court remedies. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE